UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AARON JOHNSON,

        Plaintiff,

v.

                                       Case No. 6:26-cv-597-JA-RMN

BETHUNE–COOKMAN
UNIVERSITY INC.,

        Defendant.

_____

## ORDER

Plaintiff, Aaron Johnson, brings claims against his employer, Bethune–Cookman University Inc., under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* (FMLA), and also asserts claims under Florida law for wage payment, breach of contract, unjust enrichment, and quantum meruit. (Doc. 1). Bethune–Cookman filed a motion to dismiss (Doc. 15), arguing that under Federal Rule of Civil Procedure 12(b)(6) his complaint fails to state a claim upon which relief can be granted. Mr. Johnson responded in opposition. (Doc. 16). After careful review, the Court concludes that Bethune–Cookman's motion to dismiss must be granted in part and denied in part.

## I.    BACKGROUND

Mr. Johnson has served as a nursing instructor and program coordinator at Bethune–Cookman since 2022. (Doc. 1 ¶ 18). Mr. Johnson's job

responsibilities include acting as an instructor for vocational programs and teaching several nursing courses. (*Id.* ¶ 19).

Beginning in summer 2023, Bethune–Cookman required Mr. Johnson to teach overload credit hours beyond his regular duties. (*Id.* ¶ 21). Under Bethune–Cookman's policies, overload-credit-hour teaching responsibilities are compensated at a rate of $700 per credit hour. (*Id.* ¶¶ 3, 21). Mr. Johnson maintains that Bethune–Cookman owes him $34,650 for 49.5 overload credit hours that he taught between summer 2023 and fall 2024.

In late 2024, Mr. Johnson developed severe anxiety and depression because of the working conditions he was enduring at Bethune–Cookman. (*Id.* ¶ 24). His emotional distress was compounded by the death of his maternal grandmother, which prompted Mr. Johnson to start treatment with a psychiatrist. (Doc. 1 ¶ 25). He was also diagnosed with a neoplasm of an adrenal gland and rhabdomyolysis. (*Id.* ¶ 26). Unable to continue working, Mr. Johnson obtained FMLA leave from Bethune–Cookman in December 2024. (*Id.* ¶¶ 25–26). Mr. Johnson received ongoing medical care throughout his FMLA leave, which lasted from December 2024 until April 1, 2025. (Doc. 1 ¶ 25).

On April 10, 2025—ten days after his return to work from FMLA leave—Mr. Johnson's immediate supervisor, Dr. Sandra Tucker, requested that Mr. Johnson's contract, set to expire on June 30, 2025, not be renewed. (*Id.* ¶ 32). Dr. Tucker later expedited the termination process by denying Mr. Johnson

2

access to campus facilities in May 2025. (Doc. 1 ¶ 34). Only one day later, Bethune–Cookman reversed Dr. Tucker's early-termination decision because Bethune–Cookman had no other faculty to teach a course that Mr. Johnson had been teaching. (*Id.* ¶ 35). Despite the reversal of Dr. Tucker's early-termination decision, Bethune–Cookman allowed Mr. Johnson's contract to expire on June 30, 2025. (*Id.* ¶ 36).

Dr. Tucker resigned as dean of Bethune–Cookman's nursing program in August 2025. (Doc. 1 ¶ 37). Following Dr. Tucker's resignation, Bethune–Cookman purported to "onboard[]" Mr. Johnson under a "new" contract for the August 2025–July 2026 academic year under new terms that diminished Mr. Johnson's compensation from $70,000 to $50,000 and reduced his job responsibilities. (*Id.* ¶¶ 38–39). Mr. Johnson did not sign the contract; nevertheless, he continues to work for Bethune–Cookman. (Doc. 1 ¶¶ 11, 37).

Bethune–Cookman also acknowledged that it owed Mr. Johnson $34,650 in unpaid overload credit hour compensation and made settlement offers of $13,000, $17,000, and $17,850, all of which Mr. Johnson declined. (*Id.* ¶ 44). Thereafter, Bethune–Cookman issued Mr. Johnson payment for overload credit hours that he taught during the Fall 2025 semester and again in Spring 2026, but it did not compensate Mr. Johnson for the overload credit hours that he taught from summer 2023 to fall 2024. (*Id.* ¶¶ 42–43).

Mr. Johnson lodged complaints to several different administrators at Bethune–Cookman regarding the unpaid overload credit hours and what he perceived as retaliation for and interference with his FMLA leave, but Bethune–Cookman did not redress his concerns. (*Id.* ¶ 45). Mr. Johnson then filed this lawsuit on March 17, 2026. (Doc. 1). Bethune–Cookman now moves to dismiss the complaint, arguing failure to plead plausible claims and that recovery for amounts owed for overload credit hours taught in 2023 is barred by the statute of limitations. (Doc. 15).

## II.    LEGAL STANDARDS

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). In considering a motion to dismiss brought under Rule 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and

4

matters judicially noticed." *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## III.  DISCUSSION

### A.  FMLA Claims (Counts I and II)

The FMLA provides eligible employees with the right to "12 workweeks of leave during any 12–month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1). The FMLA also enshrines the right following leave "to be restored by the employer to the position of employment held by the employee when the leave commenced" or to an equivalent position. 29 U.S.C. § 2614(a)(1). The FMLA protects employees against retaliation for or interference with the exercise of FMLA rights. 29 U.S.C. § 2615(a)(1); 29 C.F.R. § 825.220(c). Here, Mr. Johnson alleges both retaliation (Count I) and interference (Count II).

Starting with interference, it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" FMLA leave. 29 U.S.C. § 2615(a)(1). To state a claim for interference, an employee must allege that he "was entitled to a benefit under the FMLA that was denied." *Norman v. H. Lee Moffitt Cancer Ctr. & Rsch. Inst., Inc.*, No. 21-12095, 2023 WL 2146593,

at *2 (11th Cir. Feb. 22, 2023).[1] However, "[c]ourts have generally declined to find that an employer denies an employee's FMLA right to reinstatement or restoration by taking an adverse action after the employee has been reinstated following a covered leave." *Libreros v. Sarasota-Manatee Jewish Hous. Council, Inc.*, No. 8:23-cv-1968, 2025 WL 1332203, at *8 (M.D. Fla. May 7, 2025); *see also Barnes v. Ethan Allen, Inc.*, 356 F. Supp. 2d 1306, 1311 (S.D. Fla. 2005), *aff'd*, 149 F. App'x 845 (11th Cir. 2005) (dismissing an FMLA interference claim where the plaintiff did not suffer an adverse employment action until five weeks after returning from FMLA leave).

Mr. Johnson fails to state a claim for FMLA interference because the complaint alleges that Bethune–Cookman allowed Mr. Johnson to take FMLA leave and, at least initially, restored him to his former position upon his return. Thus, Mr. Johnson's interference claim must be dismissed. *See Luthra v. Univ. of Miami*, No. 25-20656-CIV, 2026 WL 705271, at *7 (S.D. Fla. Mar. 2, 2026) (finding that FMLA interference claim failed where employer permitted the employee to take FMLA leave and restored the employee to their prior position upon employee's return but took adverse employment actions against the employee three months later).

---

[1] In the Eleventh Circuit, "unpublished decisions . . . bind no one," *Ray v. McCullough Payne & Haan, LLC*, 838 F.3d 1107, 1109 (11th Cir. 2016), but "may be cited as persuasive authority," 11th Cir. R. 36-2.

But Mr. Johnson does state a viable claim for retaliation under the FMLA. Although Bethune–Cookman argues that the FMLA retaliation count fails under the burden-shifting standard set forth in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973), *McDonnell Douglas* is not the correct standard at this stage of the case. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (explaining that "*McDonnell Douglas*'s burden-shifting framework is an evidentiary standard, not a pleading requirement") (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002)). Rather than meeting the *McDonnell Douglas* framework, Mr. Johnson can state a claim for retaliation under the FMLA if he plausibly alleges that: "(1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment decision; and (3) the decision was causally related to the protected activity." *Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1207 (11th Cir. 2001).

First, Mr. Johnson's request for FMLA leave is a protected activity for purposes of a retaliation claim. *See Walker v. Elmore Cnty. Bd. of Educ.*, 379 F.3d 1249, 1252–53 (11th Cir. 2004). Next, Bethune–Cookman allegedly took adverse actions against Mr. Johnson that "'could well dissuade a reasonable worker from engaging in protected activity." *Wood v. Gilman Bldg. Prods. Inc.*, 769 F. App'x 796, 802 (11th Cir. 2019) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006)). These actions include Dr. Tucker requesting that Mr. Johnson's contract not be renewed, (Doc. 1 ¶ 32); Dr. Tucker

expediting Mr. Johnson's termination and revoking his access to campus facilities, (*id.* ¶ 34); Bethune–Cookman allowing Mr. Johnson's contract to expire, (*id.* ¶ 36); and Bethune–Cookman attempting to rehire Mr. Johnson under materially inferior terms, (*id.* ¶¶ 37–39). Lastly, Mr. Johnson alleges that Bethune–Cookman's adverse actions began ten days after he returned from FMLA leave, constituting extremely close temporal proximity sufficient to plausibly allege causation. *See Lawson v. Plantation Gen. Hosp., L.P.*, 704 F. Supp. 2d 1254, 1271 (S.D. Fla. 2010) (concluding that an adverse employment action occurring two weeks after employee's return from FMLA leave constituted close temporal proximity sufficient to adequately allege a causal connection).

## B.   State Law Claims

### 1.   *Violation of Florida Wage-Payment Laws (Count III)*

In Count III, Mr. Johnson brings a claim for back wages under section 448.08, Florida Statutes, stemming from Bethune–Cookman's failure to pay Mr. Johnson for the overload credit hours that he taught from summer 2023 to fall 2024. (*See* Doc. 1 ¶¶ 70–79).

Bethune–Cookman argues that Count III is a shotgun pleading. As relevant here, a shotgun pleading is a count that "fail[s] to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading.'" *Beckwith v. BellSouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005).

8

Here, Bethune–Cookman objects that, in addition to seeking relief under section 448.08, Florida Statutes, the complaint alleges that Mr. Johnson is potentially entitled to relief under "other applicable Florida wage payment laws." (Doc. 15 at 16 (citing Doc. 1 ¶ 78)). However, Bethune–Cookman has fair notice of the bases for Mr. Johnson's claim and is able to frame a responsive pleading based on Mr. Johnson's allegations. (*See* Doc. 1 ¶¶ 74–78). Thus, Bethune–Cookman's argument to dismiss Count III on shotgun-pleading grounds must be rejected.

Next, Bethune–Cookman claims Count III is barred by Florida's two-year statute of limitations for actions to "recover wages or overtime." *See* § 95.11(5)(d), Fla. Stat. Bethune–Cookman argues that, at a minimum, any recovery for back wages corresponding to overload credit hours that Mr. Johnson taught in 2023 is barred by the two-year statute of limitations. (Doc. 15 at 17).

The statute of limitations is "ordinarily an affirmative defense which must be raised in the defendant's answer." *McLeod v. Barber*, 764 So. 2d 790, 792 (Fla. 5th DCA 2000). [2] "[O]nly in extraordinary circumstances where the facts constituting the defense affirmatively appear on the face of the complaint and establish conclusively that the statute of limitations bars the action as a matter of law, should a motion to dismiss on this ground be granted." *Rigby v. Liles*,

---

[2] "A federal court applying state law is bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise." *Silverberg v. Paine, Webber, Jackson & Curtis, Inc.*, 710 F.2d 678, 690 (11th Cir. 1983).

9

505 So. 2d 598, 601 (Fla. 1st DCA 1987). In determining whether the statute-of-limitations affirmative defense appears on the face of the complaint, "[t]he [c]ourt's analysis is limited to the four corners of the complaint and the attached exhibits." *Fakhoury v. Fed. Ins. Co.*, No. 5:22-cv-447, 2022 WL 22673721, at *2 (M.D. Fla. Dec. 5, 2022) (citing *Grossman v. Nationsbank*, 225 F.3d 1228, 1231 (11th Cir. 2000)).

Mr. Johnson argues that his claim for unpaid overload credit hours is grounded in a contractual breach that carries a longer statute of limitations period than the one prescribed by section 95.11(5)(d), Florida Statutes. (Doc. 16 at 11 (citing *Nealon v. Right Hum. Res. Consultants, Inc.*, 669 So. 2d 1120 (Fla. 3d DCA 1996), for the proposition that Florida's two-year statute of limitations for recovery of unpaid wages did not apply to action for unpaid bonus)). Mr. Johnson also argues that Bethune–Cookman's repeated offers to settle should equitably toll the statute of limitations in this case. (*Id.* at 12 (citing *Machules v. Dep't of Admin.*, 523 So. 2d 1132, 1134 (Fla. 1988), for its statement that the equitable tolling doctrine may apply where the plaintiff was "misled or lulled into inaction")).

The Court agrees with Mr. Johnson that dismissal on this basis would be premature at this time. Although Bethune–Cookman's statute-of-limitations affirmative defense might have merit, its application is not conclusively established on the face of the complaint. *See Brady v. Walsh*, No. 2:21-cv-763,

10

2022 WL 2104292, at *1 (M.D. Fla. June 10, 2022) (explaining that "[t]ypically, affirmative defenses do not support a motion to dismiss because a plaintiff does not have to negate an affirmative defense in his complaint" (citing *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004))).

### 2.    *Breach of Contract (Count IV)*

Bethune–Cookman next argues that the breach-of-contract claim (Count IV) should be dismissed because Bethune–Cookman's purported agreement to pay $700 per overload credit hour taught does not appear in either of Mr. Johnson's employment agreements. (Doc. 15 at 18–20). Mr. Johnson's employment agreements for the 2022–2023 and 2023–2024 academic years are attached to the motion to dismiss. (Doc. 15-1). Because Mr. Johnson's employment agreements are "central to" Mr. Johnson's claims and their authenticity is not challenged, the Court can consider the employment agreements without converting the at-issue motion into a motion for summary judgment. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

To state a claim for breach of contract under Florida law, a plaintiff must plausibly allege that: (1) a contract existed; (2) the contract was breached; and (3) damages flowed from that breach. *See Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d DCA 2006). Mr. Johnson concedes that his employment contracts do not explicitly address pay for overload credit hours, but he argues that the complaint plausibly alleges that the parties either formed an

11

independent contract regarding payment for overload credit hours or that the parties assented to an enforceable oral understanding. (Doc. 16 at 13–14).

The complaint alleges that the parties agreed that Mr. Johnson would teach overload credit hours at a rate of $700 per hour, that Mr. Johnson taught 49.5 overload credit hours under that understanding, and that Bethune–Cookman acknowledged its obligation to pay but has not done so. (*See* Doc. 1 ¶¶ 81–85). At this stage of the case, these allegations are sufficient to plausibly allege a claim for breach of contract. *See Remember Everyone Deployed Inc. v. AC2T Inc.*, No. 20-CV-62355, 2021 WL 7542978, at *6 (S.D. Fla. June 24, 2021) (finding that a complaint adequately alleged a breach of oral contract when it alleged that specific material contract terms were violated).

### 3. Unjust enrichment and quantum meruit (Counts V and VI)

Finally, Bethune–Cookman argues that Mr. Johnson's claims for unjust enrichment (Count V) and quantum meruit (Count VI) are barred because Mr. Johnson also alleges in Count IV that an enforceable contract exists that governs the payment of overload credit hours. Bethune–Cookman's argument is without merit.

"Florida law does not generally permit a party to pursue a cause of action on an express contract at the same time as he pursues a cause of action for unjust enrichment." *Shibata v. Lim*, 133 F. Supp. 2d 1311, 1316 (M.D. Fla. 2000) (report and recommendation adopted by district court) (citing *Hazen v. Cobb*,

117 So. 853 (Fla. 1928), and *Yates v. Ball*, 181 So. 341 (Fla. 1937)). "Both federal and Florida law, however, permit pleading in the alternative." *Id.* (citing Fed. R. Civ. P. 8(a)(1) and *ThunderWave, Inc. v. Carnival Corp.*, 954 F. Supp. 1562 (S.D. Fla. 1997), for the proposition that a party can "alternatively allege recovery under an express contract and seek equitable relief under the theory of unjust enrichment"). Mr. Johnson has properly done so here.

Mr. Johnson adequately states a claim for unjust enrichment and quantum meruit. "Florida law prescribes four elements for quantum meruit and unjust enrichment claims." *Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC*, 714 F.3d 1234, 1237 (11th Cir. 2013) (citing *Com. P'ship 8098 Ltd. P'ship v. Equity Contracting Co.*, 695 So. 2d 383, 386 (Fla. 4th DCA 1997). To state a claim for quantum meruit or unjust enrichment, a plaintiff "must allege (1) the plaintiff conferred a benefit on the defendant, (2) the defendant had knowledge of the benefit, (3) the defendant accepted or retained the benefit conferred, and (4) the circumstances indicate that it would be inequitable for the defendant to retain the benefit without paying fair value for it." *Dyer v. Wal-Mart Stores, Inc.*, 535 F. App'x 839, 841–42 (11th Cir. 2013) (citing *Merle Wood & Assocs.*, 714 F.3d at 1237). Under "quantum meruit, services must be performed under circumstances fairly raising a presumption that the parties understood and intended compensation to be paid." *Id.* at 842 (citing *Aldebot v. Story*, 534 So. 2d 1216, 1217 (Fla. 3d DCA 1988)).

13

Mr. Johnson has alleged enough at this stage of the case to survive the motion to dismiss. Mr. Johnson "provided services that allegedly conferred a benefit," he "was not paid the previously-agreed balance due for the services," and, arguably, "it would be inequitable for [Mr. Johnson] to not be paid for the services provided to" Bethune–Cookman. *Surgery Ctr. of Viera, LLC v. UnitedHealthcare, Inc.*, 465 F. Supp. 3d 1211, 1224 (M.D. Fla. 2020) (citing *Virani v. Homefield Fin., Inc.*, No. 6:09-cv-511-Orl, 2010 WL 11507411, at *7 (M.D. Fla. May 10, 2010)). Thus, Bethune–Cookman's motion to dismiss these counts must be rejected.

## IV. CONCLUSION

For the reasons provided, it is **ORDERED** and **ADJUDGED** that Bethune–Cookman's motion to dismiss (Doc. 15) is **GRANTED in part** and **DENIED in part**. Count II for interference under the FMLA is **DISMISSED with prejudice**. The motion is otherwise **DENIED**. Bethune–Cookman shall file an answer on or before **June 30, 2026**.

**DONE** and **ORDERED** in Orlando, Florida, on June 16, 2026.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

14